DEWEY TURNER v. STATE.

No. A-6263. Opinion Filed Jan. 28, 1928.
(263 Pac. 476.)

P. K. Morrill, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Appellant, Dewey Turner, was charged by information with having in his possession intoxicating liquor, to wit, 397 pints of beer, with the unlawful intention of selling the same. His demurrer to the information on various grounds was overruled. He then pleaded not guilty and was tried and convicted and his punishment fixed at a fine of $500 and impris-

onment in the county jail for six months. A motion for new trial was made and overruled. This appeal is from the judgment rendered in pursuance of the verdict.

The errors assigned question the sufficiency of the affidavit upon which the search warrant was issued and the sufficiency of the search warrant under which the evidence offered by the state was obtained.

J. L. English, sheriff, and R. F. Goodloe, deputy, testified that under authority of a search warrant they searched the barn on the premises occupied by the defendant and there found and seized 397 pint bottles of beer; that the defendant at the time said it was his beer; that the search and seizure was made on September 5, 1925.

C. E. Clifford, city chemist at Oklahoma City, testified that he received three bottles of beer for analysis from sheriff English; that one tested 6.28, one 6.78, and one 6.99. The analysis was made September 10, 1925.

At the close of the evidence for the state the defendant moved for a directed verdict of acquittal in the form of a demurrer to the evidence, which was overruled. There was no testimony offered on the part of the defendant.

It is argued that the constitutional requirement (section 30, art. 2) and the requirement of the statute (section 7002, C. S. 1921) were not complied with in not "describing as particularly as may be the place to be searched."

The affidavit and search warrant recite:

"That, in the county of Jackson, State of Oklahoma, on the 5th day of September, 1925, the above-

named defendant, Dewey Turner, in a certain building, outhouse, situated * * * in Jackson county, described as follows: N. E. 1-4 of Sec. 12, 2 N. Range 20 W. I. M., in a barn located on said premises," and further stating facts sufficient to show probable cause for the issuance of the search warrant; and further stating that the said premises is a place of public resort.

The foregoing is sufficient to show that there is no merit in the contentions made, and that the objections to the admissibility of the evidence in the case were properly overruled.

Several assignments are based on exceptions reserved to the instructions given by the court.

Taken as a whole, the law of the case is fully and fairly presented in the instructions given, and there were no instructions offered or requested by the defendant.

The last assignment urged is that the evidence is not sufficient to sustain the verdict.

We find that it is ample to sustain the verdict, and the record shows that the defendant was accorded a fair trial.

Finding no material error in the record, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.